WENDY ABKIN (State Bar No. 121286)
E-Mail: wabkin@sideman.com
EMILY J. KINGSTON (State Bar No. 184752)
E-Mail: ekingston@sideman.com
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone: (415) 392-1960
Facsimile: (415) 392-0827

Attorneys for Krystal L. Smith

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C 06 6103

| | |
|---|---|
| KRYSTAL L. SMITH, Individually, and in her capacity as Trustee of the Smith Trust dated May 31, 2002,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DAVID L. LOPEZ-QUINTANA; and NORTH AMERICAN TITLE COMPANY,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR SUBSTITUTED SALES PROCEEDS PURSUANT TO 26 U.S.C. § 7426(a)(3)** |

Now comes the Plaintiff, KRYSTAL L. SMITH, Individually, and in her capacity as Trustee of the Smith Trust dated May 31, 2002 (hereinafter "Plaintiff"), by and through her undersigned counsel, and respectfully complains and alleges as follows:

## JURISDICTION

1. This is a civil action arising under the Internal Revenue laws of the United States for the recovery, and/or determination of the proper distribution, of substituted sale proceeds totaling $380,886.98, plus interest accruing thereon, if any, arising out of the sale on May 30, 2006, of a parcel of real property located at 1620 Germano Way, Pleasanton, California 94566. This action is brought pursuant to Title 26, United States Code, Section 7426(a)(3).

2. Plaintiff is a citizen of the United States of America and currently resides within this district.

3. Defendant, the United States of America, is made a party to this action as it may claim an interest in the substituted sales proceeds pursuant to a Notice of Federal Tax Lien filed by its agency, the Internal Revenue Service, against Defendant, David L. Lopez-Quintana, for his outstanding Federal tax liabilities.

4. Defendant, David L. Lopez-Quintana, is a citizen of the United States of America and currently resides and upon information and belief, resides in the City of Danville, County of Contra Costa, California. He is made a party to this action as he may claim an interest in the substituted sales proceeds and because he owes the Federal taxes the Internal Revenue Service seeks to recover from the substituted sales proceeds pursuant to its Notice of Federal Tax Lien.

5. Defendant, North American Title Company, is a corporation with a business address of 350 Main Street, Suite H, Pleasanton, California 94566. It is made a party to this action in that it currently holds in escrow the substituted sales proceeds totaling $380,886.98, arising out of the sale of the parcel of real property described in Paragraph 1, above.

6. Jurisdiction over this action is conferred upon this Court by Title 28, United States Code, Section 1346(e) and Title 26, United States Code, Section 7426(a)(3).

## VENUE

7. Venue is proper in the Northern District of California pursuant to Title 28, United States Code, Section 1391(b) and (d), in that Defendant, David L. Lopez-Quintana resides in this district, all events giving rise to the claims in this action occurred in this district, the substituted sales proceeds are being held in this district, and the escrow agent, Defendant, North American Title Company, is subject to personal jurisdiction in this district.

## CLAIMS FOR RELIEF

8. Plaintiff, Krystal L. Smith, realleges the allegations in paragraphs 1 through 7 above, as if fully set forth herein.

9. On or about April 2, 2002, the Plaintiff purchased a parcel of real estate located at 1620 Germano Way, Pleasanton, California 94566 (hereinafter "the Germano Way property").

10. In purchasing the Germano Way property, Plaintiff deposited into escrow (hereinafter "Escrow # 1) cash in the amount of $53,208.27. Defendant, David L. Lopez-Quintana, also deposited into Escrow # 1 cash in the amount of $507,425.77. The remaining purchase price of the Germano Way property was funded by a personal loan and a mortgage.

11. Defendant, David L. Lopez-Quintana, obtained the money to deposit into Escrow # 1 for the purchase of the Germano Way property by selling two other parcels of real property he owned. One of those parcels of property, located at 4352 Mansfield Drive, Danville, California, had a pre-existing lien attached for unpaid child support in the amount of $31,000 owed by Defendant, David L. Lopez-Quintana. This liability, plus accrued interest, was transferred to the Germano Way property at the time of its purchase by the Plaintiff.

12. Prior to the purchase of the Germano Way property, Plaintiff had loaned to Defendant, David L. Lopez-Quintana, personal funds totaling $33,920.00. These loans were effectively repaid by Defendant, David L. Lopez-Quintana, through his escrow deposit for the purchase of the Germano Way property, thereby reducing his total cash investment in the Germano Way property by the amount of the repaid loans.

13. On or after May 31, 2002, title to the Germano Way property was held in the name of Krystal Smith, Individually and as Trustee of the Smith Trust dated May 31, 2002. Defendant, David L. Lopez-Quintana, was never listed on the title to the property.

14. Since the purchase of the Germano Way property, Plaintiff has paid all mortgage payments, all property taxes, all Home Owner's Association Dues, and all costs for upkeep and

1  maintenance related to the Germano Way property. The payment of these funds was required to
2  preserve and maintain the Germano Way property and operated to increase Plaintiff's monetary
3  investment therein. Defendant, David L. Lopez-Quintana, has contributed no additional funds
4  with respect to the Germano Way property.

5   15.  Since the purchase of the Germano Way property, Plaintiff has paid debts owing
solely by Defendant, David L. Lopez-Quintana, to two of his commercial creditors. Specifically, in August, 2002, Plaintiff paid $23,000.00 to Arch Wireless, a vendor of a business called Beeper City owned and operated by Defendant, David L. Lopez-Quintana, after litigation to collect the debt against Defendant, David L. Lopez-Quintana, was threatened. In addition, in late 2004, Plaintiff paid $11,000.00 to Clarion Corporation to satisfy its judgment against Defendant, David L. Lopez-Quintana. These payments operated to increase Plaintiff's monetary investment in the Germano Way property.

16. On or about May 24, 2002, the Internal Revenue Service made assessments against David L. Lopez-Quintana, for penalties pursuant to Title 26, United States Code, Section 6672, for his failure to collect, truthfully account for and pay over taxes due and owing under the Internal Revenue Code for the taxable periods ended June 30, 1998 through June 30, 1999, December 31, 1999, June 30, 2000 and September 30, 1999. Plaintiff had no responsibility for these unpaid taxes, was not involved in their incurrence, nor was she aware until on or after December 13, 2004, that the liabilities existed. In this regard, Plaintiff is a "Non-Taxpayer" for purposes of bringing this action, as that term is defined in the Internal Revenue Code.

17. On or about January 31, 2003, Plaintiff recorded a Homestead Declaration in Alameda County (#2003061286) with respect to the Germano Way property, because she resided in the Germano Way property with her then-fifteen year-old son.

18. On or about December 9, 2004, Defendant, David L. Lopez-Quintana was indicted with eight counts of willful failure to account for and pay over withheld taxes pursuant to Title 26, United States Code, Section 7202, and eight counts of tax evasion pursuant to Title 26, United

States Code, Section 7201.

19. On or about December 13, 2004, the Internal Revenue Service filed a Notice of Federal Tax Lien with respect to the unpaid tax liabilities of Defendant, David L. Lopez-Quintana, totaling, at that time, $566,815.45. The Notice of Federal Tax Lien was filed in the Alameda County Recorder's Office and received Instrument # 2004551006, subsequently corrected as Instrument # 2005516381. The Notice of Federal Tax Lien was filed against "Smith Trust, Krista [sic] L. Smith, Trustee, nominee/transferee of Krista [sic] L. Smith, nominee/transferee of David L. Lopez-Quintana, with respect to David L. Lopez-Quintana's interest in the real property located at 1620 Germano Way, Pleasanton, California, 94566, APN # 950-0029-029."

20. Plaintiff is not a nominee or transferee of Defendant David L. Lopez-Quintana.

21. On or about October 3, 2005, Defendant, David L. Lopez-Quintana pled guilty to one count of willfully failing to account for and pay over withheld taxes pursuant to Title 26, United States Code, Section 7202. On or about January 9, 2006, he was sentenced to three years probation and was ordered by pay $673,013.00 in restitution.

22. In or about late 2005, or early 2006, Plaintiff determined to sell the Germano Way property. Pursuant to Title 26, United States Code, Section 6325(b)(3), Plaintiff submitted a written request to the Internal Revenue Service requesting that it discharge the Germano Way property from the Notice of Federal Tax Lien referenced in paragraph 19, above, and issue a Certificate of Discharge.

23. On or about May 30, 2006, Plaintiff, Defendant the United States of America, by and through the authorized delegate of the Secretary of the Treasury, the Director, Advisory, Insolvency & Quality of Internal Revenue for Small Business/Self Employed Compliance at Oakland, California (hereinafter the "Director"), Defendant David L. Lopez Quintana, and Defendant North American Title entered into a written "Agreement for Substitution of Proceeds of Sale under I.R.C. Section 6325(b)(3)," (hereinafter "Agreement"). Pursuant to the Agreement, the parties agreed that the Germano Way property would be sold, that the net sales proceeds from the sale would be deposited into an interest bearing escrow account maintained by Defendant North American Title Company (hereinafter "Escrow # 2), that the parties' respective interests in the

1. Germano Way property would transfer to and be substituted by the net sales proceeds held in Escrow # 2, that the parties would thereafter attempt to administratively negotiate their respective interests in and to the net sales proceeds, that if the parties were unable to determine or agree with respect to their respective interests in and to the net sales proceeds, they could each pursue whatever legal remedies were available to satisfy their interests, and that the Internal Revenue Service would not exercise its right to levy or seize the net sales proceeds, including accrued interest, for a period of one-hundred and twenty (120) days after the effective date of the Agreement.

24. On or about May 30, 2006, pursuant to the Agreement between the parties described in paragraph 22, above, the Internal Revenue Service issued a Certificate of Discharge allowing the Germano Way property to be sold free and clear of the Notice of Federal Tax Lien, and providing that the Lien would attach instead to the net sales proceeds to be generated from the sale of the Germano Way property in the same manner and with the same priority as it attached to the Germano Way property.

25. On or about May 30, 2006, the Germano Way property was sold to unrelated third parties.

26. On or about May 30, 2006, four pre-existing priority debts totaling approximately $124,000.00 of Defendant David L. Lopez-Quintana were paid from the sales proceeds of the sale of the Germano Way property. After the application of the sales proceeds to these and other pre-existing and priority debts, there remained the sum of $380,886.98, the net sales proceeds.

27. On and after May 30, 2006, Defendant North American Title Company has retained and continues to retain the net sales proceeds as Escrow Agent in Escrow # 2.

28. Since the sale of the Germano Way property, the parties have been unable to reach an agreement as to their respective interests in and to the net sales proceeds or the proper distribution of such proceeds.

29. Plaintiff has a legal and quantifiable interest in the net sales proceeds by virtue of her monetary investments in the Germano Way property.

30. The interest of Defendant United States of America in and to the net sales proceeds

corresponds solely to any interest of Defendant David L. Lopez-Quintana in and to the net sales proceeds.

31. Plaintiff, Defendant David L. Lopez-Quintana, and Defendant United States of America dispute their respective interests in and to the net sales proceeds.

WHEREFORE, plaintiff respectfully prays as follows:

A. That Defendant North American Title Company be ordered to interplead the net sales proceeds totaling $380,886.98, plus any accrued interest, to this Court;

B. That the Court determine the respective interests of Plaintiff, Defendant David L. Lopez-Quintana and Defendant United States of America;

C. That the Court enter judgment and award to the parties funds equivalent to their respective interests in and to the net sales proceeds;

D. That the Court award such other and further relief as is just and appropriate under the circumstances.

DATED: September 28, 2006

Respectfully submitted,

SIDEMAN & BANCROFT LLP

By: _____
EMILY J. KINGSTON
Attorneys for Krystal L. Smith