WENDY ABKIN (State Bar No. 121286)
E-Mail:     *wabkin@sideman.com*
EMILY J. KINGSTON (State Bar No. 184752)
E-Mail:     *ekingston@sideman.com*
SIDEMAN & BANCROFT LLP
One Embarcadero Center, Eighth Floor
San Francisco, California 94111
Telephone:    (415) 392-1960
Facsimile:    (415) 392-0827

Attorneys for Krystal L. Smith

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION DIVISION

| | |
|---|---|
| KRYSTAL L. SMITH, Individually, and in her capacity as Trustee of the Smith Trust dated May 31, 2002,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA; DAVID L. LOPEZ-QUINTANA; and NORTH AMERICAN TITLE COMPANY,<br><br>Defendants. | CASE NO. C-06-6103 WHA<br><br>**STIPULATION FOR DEPOSIT OF ESCROW FUNDS TO UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND FOR DISMISSAL OF NORTH AMERICAN TITLE COMPANY FROM ACTION; and**<br><br>[Proposed] **ORDER THEREON** |

IT IS HEREBY STIPULATED AND AGREED, by and between the Plaintiff, Krystal L. Smith, Individually and in her capacity as Trustee of the Smith Trust dated May 31, 2002 ("Smith"), and the Defendants, the United States of America ("United States"), David L. Lopez-Quintana ("Quintana"), and North American Title Company ("North American"), by and through the signatures of their respective counsel as set forth below, and based on the facts as set forth in paragraphs 1 through 6 herein, as follows:

1. On about May 30, 2006, a parcel of real property located at 1620 Germano Way, Pleasanton, California 94566, APN # 950-0029-029, (hereinafter the "Property") was sold to an

1. unrelated third party. Prior to its sale, title to the Property had been held in the name of Smith. Also prior to its sale, on about December 13, 2004, a Notice of Federal Tax Lien had been filed against the Property for the unpaid Federal tax liabilities of Quintana.

2. To effectuate the sale of the Property free and clear of the Notice of Federal Tax lien, the parties entered into a written "Agreement for Substitution of Proceeds of Sale under I.R.C. Section 6325(b)(3)," (hereinafter, the "Agreement").

3. Pursuant to the Agreement, the Internal Revenue Service issued a Certificate of Discharge allowing the Property to be sold free and clear of the Notice of Federal Tax Lien and providing that the Lien would attach instead to the net sales proceeds to be generated from the sale of the Property in the same manner and with the same priority as it had attached to the Property.

4. The Property was sold pursuant to the Agreement and Certificate of Discharge, and net sales proceeds from the sale totaling $380,886.98, were deposited into an interest bearing escrow account maintained by American. Since that date, North American has retained the net sales proceeds in its escrow account.

5. Other than holding the net sales proceeds in its escrow account, North American claims no interest in and to the funds retained in its escrow account, except to that portion of the funds that will satisfy its fees and costs incurred in maintaining the account and in the course of this litigation.

6. The parties hereby agree that North American shall deposit to the Clerk of the Court of the United States District Court for the Northern District of California, San Francisco Division, the net sales proceeds retained in its escrow account, including interest thereon, less fees and costs incurred by North American in maintaining the account and in the course of this litigation.

Case No. C-06-6103 WHA 2
Stip. for Deposit of Escrow Funds, for Dismissal of
North American Title Company, and [Proposed] Order

7. The parties further hereby agree that North American shall provide to the Court and the parties an accounting reflecting the interest accrued on the escrow account and the deductions for fees and costs incurred by North American in maintaining the account and in the course of this litigation.

8. The parties further hereby agree that after deposit of the net sales proceeds as set forth in paragraph 6, above, and after provision of the accounting, as set forth in paragraph 7, above, that the North American, should and shall be dismissed from this action and shall have no further obligations in the course of this litigation.

9. The parties further hereby agree that, pursuant to 28 U.S.C. 2041, the Clerk of the United States District Court for the Northern District of California, San Francisco Division, shall deposit the net sales proceeds paid into the Court by North American with the Treasurer of the United States, or a designated depository, in the name and to the credit of the United States District Court for the Northern District of California, San Francisco Division, said deposit to continue until such time as this Court determines, or the parties stipulate to, the proper ownership and distribution of the net sales proceeds to the respective parties.

/ / /

/ / /

/ / /

Case No. C-06-6103 WHA
Stip. for Deposit of Escrow Funds, for Dismissal of
North American Title Company, and [Proposed] Order

3

10. The parties further agree that the deposit of funds with the Court pursuant to this Stipulation does not serve to cut off any rights or claims the United States (Internal Revenue Service) or Quintana may have to the funds. The United States and Quintana specifically reserve their right to claim that Smith's filing of this action was untimely and that this Court has no jurisdiction to hear this matter, despite its possession of the substituted assets.

IT IS SO STIPULATED AND AGREED.

SIDEMAN & BANCROFT LLP

DATED: January *18*, 2007   By: /s/ *Wendy K. Abkin*
WENDY K. ABKIN
Attorneys for Krystal L. Smith


KEVIN V. RYAN
UNITED STATES ATTORNEY

DATED: January *18*, 2007   By: /s/ *Cynthia Stier*
CYNTHIA STIER
Assistant U.S. Attorney, Tax Division
Attorneys for the United States of America


SUGARMAN & CANNON

DATED: January *18*, 2007   By: /s/ *Christopher Cannon*
CHRISTOPHER CANNON
Attorneys for David L. Lopez-Quintana


NORTH AMERICAN TITLE COMPANY

DATED: January *18*, 2007   By: /s/ *Dennis S. Lucey*
DENNIS S. LUCEY
Claims Counsel
Attorney for North American Title Company

# ORDER

**PURSUANT TO THE STIPULATION OF THE PARTIES**, as set forth above,

**IT IS HEREBY ORDERED,**

a. That Defendant North American Title Company shall deposit funds to the Clerk of the Court of the United States District Court for the Northern District of California, San Francisco Division, pursuant to paragraph 6 of the foregoing Stipulation and shall provide to the Court and the parties an accounting pursuant to paragraph 7 of the Stipulation, whereupon Defendant North American Title Company, shall be dismissed from this action and shall have no further obligations in the course of this litigation.

b. That, pursuant to 28 U.S.C. 2041, the Clerk of the United States District Court for the Northern District of California, San Francisco Division, shall deposit the net sales proceeds paid into the Court by Defendant North American Title Company with the Treasurer of the United States, or a designated depository, in the name and to the credit of the United States District Court for the Northern District of California, San Francisco Division, said deposit to continue until such time as this Court determines, or the parties stipulate to, the proper ownership and distribution of the net sales proceeds to the respective parties.

c. That the deposit of funds with the Court will not cut off any rights or claims Defendants The United States of America (Internal Revenue Service) or David L. Lopez-Quintana may have to the funds, including the right to claim that Plaintiff's filing of this action was untimely and that this Court has no jurisdiction to hear this matter, despite its possession of the substituted assets.

Date: January 19, 2007

THE HONORABLE WILLIAM H. ALSUP
United States District Judge

*IT IS SO ORDERED — Judge William Alsup*

ejk:rrc:KRSM.7439\259187_2.DOC

Case No. C-06-6103 WHA    5
Stip. for Deposit of Escrow Funds, for Dismissal of
North American Title Company, and [Proposed] Order