IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRYSTAL L. SMITH,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, DAVID LOUIS LOPEZ-QUINTANA, NORTH AMERICAN TITLE COMPANY,<br><br>    Defendants.<br>                                                              / | No. C 06-06103 WHA<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED ANSWER AND VACATING HEARING** |

### INTRODUCTION

In this action regarding the disposition of sales proceeds pursuant to a tax lien, defendant United States moves to file an amended answer to raise the affirmative defense of fraudulent conveyance. Through discovery, defendant only recently learned sufficient facts to support a good-faith basis to plead fradulent conveyance. Defendant brought this motion shortly after those facts were discovered. Accordingly, defendant's motion to file an amended answer is **GRANTED**. Seeing that no further argument is necessary on this matter, the hearing is hereby **VACATED**.

### STATEMENT

This action arises out of a dispute over the proceeds from a piece of property ordered to be sold pursuant to a tax lien. In April 2002, plaintiff Krystal Smith purchased a piece of property at 1620 Germano Way in Pleasanton, CA (Compl. ¶ 9). To do so, plaintiff deposited

1  $53,208.27 and defendant David Louis Lopez-Quintana, her partner at the time, deposited
2  $507,425.77 into an escrow account. The remainder came from a mortgage (*id*. at ¶ 10).
3  Plaintiff alleges that title to the Germano Way property was at no time held in Quintana's name
4  (*id*. at ¶ 13).

5  On May 24, 2002, the Internal Revenue Service levied tax assessments against Quintana
6  for failure to pay federal employment taxes for several years on certain businesses that he ran
7  (*id*. at ¶ 16). Quintana was indicted on charges of tax evasion and failure to account for and pay
8  over withheld taxes on December 9, 2004, and the IRS filed a notice of nominee federal tax lien
9  naming Smith nominee on December 14, 2004 (*id*. at ¶¶ 18–19). The lien against the Germano
10 Way property was for the amount of $566,815.45 (*id*. at ¶ 19). In 2006, Quintana entered a
11 guilty plea to one count of tax evasion. He entered into an agreement with the United States to
12 sell the Germano Way property and have the net proceeds deposited into an interest-bearing
13 account with their ultimate destination to be determined by the Court (Compl. ¶¶ 21–23).

14 Smith filed this action on August 28, 2006. In her complaint, she alleged that she was
15 not Quintana's nominee or transferee with respect to the Germano Way property because she
16 made all mortgage payments and paid all taxes and upkeep on the property (Compl. ¶ 20). The
17 United States answered on November 27, 2006, and denied that Smith was not Quintana's
18 nominee or transferee (Ans. ¶ 19). During discovery, Quintana, who is named as a defendant in
19 this action, testified in his deposition that he colluded with Smith in buying the Germano Way
20 property to avoid his tax liabilities. Moreover, on July 20, 2007, he responded to a set of
21 interrogatories from the United States, in which he stated that there was an agreement between
22 himself and Smith to purchase the property to protect his assets from tax liens, and that Smith
23 was aware of his tax situation at the time of purchase (Resp. to Interrog. 6).

24 The United States filed this motion for leave to file an amended answer on July 27,
25 2007. According to the case management order, the deadline to seek leave to amend pleadings
26 was January 12, 2007.

2

**ANALYSIS**

Leave to amend a complaint shall be freely given when justice so requires under Rule 15(a). This standard is applied liberally. "In the absence of any apparent or declared reason — such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); FRCP 15(a). Rule 15(a) does not apply, however, when a district court has established a deadline for amended pleadings under Rule 16(b). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–608 (9th Cir. 1992). Once the Court has entered a scheduling order, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. At that point, any modification must be based on a showing of good cause. *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000).

**1.    GOOD CAUSE FOR FILING AMENDED COMPLAINT.**

The inquiry under Rule 16(b)'s good cause standard first focuses on the diligence of the party seeking the amendment. "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson*, 975 F.2d at 609 (quoting FRCP 15 advisory committee notes). If the party seeking modification was not diligent, then the inquiry should end.

Defendant contends that as soon as it became aware of facts that would support a defense of fraudulent conveyance, it brought this motion. Until it received Quintana's deposition testimony and responses to interrogatories, the United States had no basis to plead fraudulent conveyance in its answer. It then learned that Smith was aware of Quintana's considerable debts and the amounts of taxes he owed before she agreed to help him purchase the Germano Way property and have it placed in her name. Additionally, Smith had previously stated that Quintana was unable to qualify for the mortgage on the Germano Way property by himself (Memo. of Interview, Exh. 2). The United States received Quintana's deposition

1 testimony and responses to the interrogatories on July 20, 2007, and then filed this motion a few
2 days later.

3 In general, the focus of the diligence inquiry is on the time between the moving party's
4 discovery of new facts and its asking leave of the court to file an amended pleading. *See*
5 *Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). Smith contends that
6 the United States was in possession of sufficient facts to plead fraudulent transfer at least as far
7 back as December of 2006. In parties' joint case management statement, filed on December 21,
8 2006, defendant claimed that Smith was Quintana's nominee or transferee with respect to the
9 Germano Way property, and that she was not the property's rightful owner.

10 Fraudulent transfer requires pleading elements in addition to what is required to
11 demonstrate that a transfer was made to a nominee. A nominee theory focuses on whether or
12 not the taxpayer is the true beneficial owner of the property based on how the taxpayer treats
13 the property. *Oxford Capital Corp. v. United States*, 211 F.3d 280, 284 (5th Cir. 2000). A
14 fraudulent conveyance theory looks at the conditions at the time of the conveyance, and whether
15 the transfer was affected with the intent of preventing a creditor from collecting on its interests.
16 *Kirkeby v. Sup. Ct.*, 33 Cal. 4th 642, 648 (2004). Fraud is not necessarily required to prove a
17 nominee theory under California law. *Sequoia Property & Equip. v. United States*, 1998 WL
18 471643, *3 (E.D. Cal. 1998) (Wanger, J.). To plead a fraudulent transfer, the United States first
19 needed a reasonable belief that fraud had occurred in the transfer of the property. Although it
20 was aware previously that Smith could have been Quintana's nominee, facts that would support
21 an inference of fraud were not apparent until Quintana's deposition and interrogatory responses.

22 Plaintiff also argues that any purported fraudulent transfer is irrelevant to the ultimate
23 disposition of the proceeds of the sale of the property. The Germano Way property was
24 allegedly at all times held in Smith's name, never in Quintana's name. Undoing a fraudulent
25 transfer, according to plaintiff, would cause the property to revert back to its prior owner, not
26 Quintana, so the proceeds would not be available to satisfy the tax lien. On the contrary,
27 undoing the fraudulent transfer would allow the United States to step into Quintana's shoes,
28 particularly with respect to the funds he paid into the escrow account. The United States could

possibly recover those funds although parties' respective interests in the property would have to be determined. Accordingly, the United States' motion for leave to amend its answer is neither untimely nor futile.

### 2. RISK OF UNDUE PREJUDICE TO PLAINTIFF.

Prejudice to the non-moving party, though not required under FRCP 16(b), can supply additional reasons to deny a motion. *Coleman*, 232 F.3d at 1295. "A need to reopen discovery and therefore delay proceedings supports the district court's finding of prejudice from a delayed motion to amend the complaint." *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

Here, plaintiff does not identify any specific way in which this amendment would cause her prejudice. It is unlikely that she could do so given that the proposed amendment is quite closely related to other issues already in play in this action. Defendant correctly notes as well that the facts related to fraudulent conveyance were in the possession of Quintana and Smith at all relevant times. Additionally, defendant has stated that no additional discovery will be needed because of the amendment. Accordingly, defendant's motion to file an amended answer is **GRANTED**.

### CONCLUSION

For all of the above-stated reasons, defendant's motion to file an amended answer is **GRANTED**. The United States must file its amended answer no later than **SEPTEMBER 20, 2007**. No further argument is necessary on this motion, thus the hearing is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 4, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5